IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-HC-2204-D

UNITED STATES OF AMERICA,      )
                               )
              Petitioner,      )
                               )
      v.                       )            **ORDER**
                               )
JOHNNY LEE WILLIAMS,           )
                               )
              Respondent.      )

Johnny Lee Williams ("Williams" or "respondent") is confined at the Federal Correctional

Institution in Butner, North Carolina, awaiting a hearing on a petition for his commitment pursuant

to 18 U.S.C. § 4248 ("section 4248"). See [D.E. 1]. The commitment hearing is scheduled to begin

on August 28, 2012. See [D.E. 20]. On July 23, 2012, the government filed a motion in limine

[D.E. 28] to allow the testimony of Dr. Antoinette McGarrahan, a psychologist who interviewed

Williams in the context of a Texas state civil commitment proceeding in 2009, before the institution

of the present federal commitment proceeding. On August 3, 2012, Williams filed a response in

opposition [D.E. 30].

Williams offers to stipulate to the admission of Dr. McGarrahan's computation of Williams's

scores on actuarial instruments used to assess recidivism risk. Williams otherwise objects to the

admission of Dr. McGarrahan's testimony. Williams argues that Dr. McGarrahan's report contains

inadmissible hearsay and that Williams did not waive his right to the non-disclosure of personal

information when he consented to an interview with Dr. McGarrahan.

Although Dr. McGarrahan notes in her report certain sexual offense conduct that official

records concerning Williams do not corroborate, she also lists several other sexual offenses for

which official records show Williams pled guilty. McGarrahan Rept. [D.E. 28-2] 3–4. "Under [Federal] Rule [of Evidence] 703, experts can testify to opinions based on inadmissible evidence, including hearsay, if 'experts in the field reasonably rely on such evidence in forming their opinions.'" United States v. Perez-Amaya, 453 F. App'x 302, 305–06 (4th Cir. 2011) (per curiam) (unpublished), cert. denied, 132 S. Ct. 2378 (2012). Accordingly, Dr. McGarrahan's reliance on hearsay does not preclude her testimony.

As for Williams's privacy argument, Williams waived whatever right to privacy he had in the information he provided to Dr. McGarrahan. The report states that Williams consented to the interview after being advised "that the information obtained would not be confidential or privileged . . . ." McGarrahan Rept. 2. Williams has provided no evidence that his waiver was limited to the Texas proceeding. See Kamper v. Gray, 182 F.R.D. 597, 599 (E.D. Mo. 1998) ("When the communications between a psychotherapist and the party seeking to invoke the [psychotherapist-patient] privilege were never deemed confidential, the privilege never vests."); see also Jaffee v. Redmond, 518 U.S. 1, 10 (1996) (explaining that the psychotherapist-patient privilege and the attorney-client privilege are "rooted in the [same] imperative need for confidence and trust" (quotation omitted)); United States v. Pollard (In re Martin Marietta Corp.), 856 F.2d 619, 620–21, 623–24 (4th Cir. 1988) (holding that, in the context of the attorney-client privilege, waiver of the privilege in one proceeding waives the privilege in future proceedings).

Accordingly, the government's motion in limine [D.E. 28] is ALLOWED.

SO ORDERED. This 9 day of August 2012.

JAMES C. DEVER III
Chief United States District Judge

2